3
EDMUND GEE, State Bar No. 178627
Assistant United States Trustee
JASON BLUMBERG, State Bar No. 330150
Trial Attorney
UNITED STATES DEPARTMENT OF JUSTICE
Office of the United States Trustee
501 "I" Street, Suite 7-500
Sacramento, CA 95814
Telephone: (916) 930-2100
Email: jason.blumberg@usdoj.gov

Attorneys for TRACY HOPE DAVIS
United States Trustee for Region 17

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | Case No. 25-20053-E-11 |
| | DC No.: UST-1 |
| Moore Holdings, LLC, | |
| | Date: March 27, 2025 |
| | Time: 10:30 a.m. |
| | Dept.: E |
| Debtor in Possession. | Courtroom: 33 |

**DECLARATION OF CARLA K. CORDERO IN SUPPORT OF MOTION OF THE UNITED STATES TRUSTEE, PURSUANT TO 11 U.S.C. § 1112(b) AND FEDERAL RULES OF BANKRUPTCY PROCEDURE 1017(f) AND 9014, TO CONVERT OR DISMISS CHAPTER 11 CASE**

I, Carla K. Cordero, declare as follows:

1. I am employed as a Bankruptcy Auditor in the Sacramento Office of the United States Trustee, Region 17 (the "UST"). I am the Bankruptcy Auditor assigned to the bankruptcy proceeding of Moore Holdings, LLC (the "DIP"), Chapter 11 Case No. 25-20053. I have personal knowledge of the facts set forth herein, and based on that personal knowledge, I assert that all such facts are true and correct to the best of my knowledge. To the extent I base my testimony upon

information and belief or upon admissible evidence other than my personal knowledge, I will specifically so state.

2. As part of my duties as a Bankruptcy Auditor, I am responsible for the supervision of chapter 11 cases in the Office of the United States Trustee, Region 17. This supervision includes: monitoring chapter 11 cases; reviewing petitions, schedules, statements and related documents, and pleadings filed by a chapter 11 debtor and other parties in interest; conducting the Initial Debtor Interview ("IDI") and requesting documents related to the IDI; reviewing Monthly Operating Reports; monitoring plans and disclosure statements; and such other actions as the UST deems appropriate.

3. I have reviewed the DIP's Schedule A/B filed as ECF No. 1 in this case. According to Schedule A/B, the DIP's most valuable asset is the real property located at 2151 Professional Drive, Roseville, CA (the "Real Property"). The scheduled value for this asset is $3,500,000 [*See* ECF No. 1, page 11].

4. By email on January 10, 2025, in advance of the DIP's IDI, I made a written request to the DIP's Counsel, Stephen Brown, Esq., for, among other things, a completed "Initial Reporting Requirements and Document Requests" along with attachments and related documents requested therein. Proof of insurance is among the documents requested in the "Initial Reporting Requirements and Document Requests."

5. By email on January 23, 2025, Roslyn N. Pomeroy from Mr. Brown's office sent me an email. One of the attachments to this email is a notice of insurance, a true and correct copy of which is Exhibit 1 hereto.

6. Based on my review of the notice of insurance, it appears that the insurance policy has a property coverage amount of $1,953,480[2]. It further appears that the insurance policy does not provide any liability coverage for the DIP.

7. Following the IDI (which was held on January 30, 2025), by email to the DIP's counsel's office on January 30, 2025, I requested that the DIP provide, <u>inter alia</u>, proof of non-force placed insurance for the Real Property covering property loss and liability. <u>Exhibit 2</u> hereto contains a true and correct copy of my email (without attachments).

8. To date, the DIP has not provided the UST with the requested proof of insurance for the Real Property.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 19, 2025, in Sacramento, California.

*/s/ Carla K. Cordero*
Carla K. Cordero

---

[2] Based on ECF No. 1, page 14, the amount due to Poppy Bank on their secured claim is $1,953,480.68.