**8**

Stephan M. Brown (SBN: 300563)
Muhammed Y. Altun (SBN: 355410)
The Bankruptcy Group, P.C.
2408 Professional Drive
Roseville, CA 95661
800-920-5351
916-242-8588 (fax)
ECF@thebklawoffice.com

Proposed Attorneys for Debtor in Possession
Moore Holdings, LLC

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
SACRAMENTO DIVISION

| | |
|---|---|
| In re: | Chapter 11 Case No. 25-20053 |
| MOORE HOLDINGS, LLC, | DCN: UST-1 |
|         Debtor in Possession. | **OPPOSITION OF MOTION OF THE UNITED STATES TRUSTEE, PURSUANT TO 11 U.S.C. § 1112(b) AND FEDERAL RULES OF BANKRUPTCY PROCEDURE 1017(f) AND 9014, TO CONVERT OR DISMISS CHAPTER 11 CASE** |
| | Date: March 27, 2025<br>Time: 10:30 AM<br>Dept: E, Courtroom 33, 6th Floor |
| | Hon. Judge Ronald H. Sargis |

## OPPOSITION OF MOTION OF THE UNITED STATES TRUSTEE, PURSUANT TO 11 U.S.C. § 1112(B) AND FEDERAL RULES OF BANKRUPTCY PROCEDURE 1017(F) AND 9014, TO CONVERT OR DISMISS CHAPTER 11 CASE

      Moore Holdings, LLC, as Debtor in Possession ("Debtor"), respectfully submits this Opposition to the Motion of the United States Trustee ("UST") to convert or dismiss this Chapter 11 case.

1

OPPOSITION OF MOTION OF THE UNITED STATES TRUSTEE, PURSUANT TO 11 U.S.C. § 1112(b) AND FEDERAL RULES OF BANKRUPTCY PROCEDURE 1017(f) AND 9014, TO CONVERT OR DISMISS CHAPTER 11 CASE

## I. INTRODUCTION

1.   Debtor respectfully submits this Opposition to the UST Motion to Convert or Dismiss this Chapter 11 case. The UST's motion is primarily premised on allegations of failure to obtain adequate insurance. However, cause for conversion or dismissal under 11 U.S.C. § 1112(b) has not been established, Debtor has obtained non-force placed insurance for the Real Property which covers property loss and liability and has taken significant remedial steps to address any prior deficiencies.

2.   The best interests of creditors and the estate are served by allowing Debtor to continue under Chapter 11 reorganization rather than dismissal or immediate liquidation under Chapter 7. Because any deficiencies have been cured, and because the estate and its creditors benefit from Debtor's reorganization efforts, dismissal or conversion would be premature and contrary to the best interests of all parties in interest. Accordingly, the Motion should be denied.

## II. STATEMENT OF FACTS

3.   Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on January 7, 2025, as an emergency basis to prevent its real property ("Real Property") located at 2151 Professional Drive, Roseville, CA from foreclosure and to stabilize operations, restructure debts, and achieve a viable reorganization plan. Moore Decl. ¶ 3.

4.   Debtor is a California limited liability company engaged in renting commercial units from the Real Property to generate income. The latest appraisal values the Real Property at $3,500,000.00, while secured claims against it total approximately $2,026,622.45. Moore Decl. ¶ 4.

///

///

2

OPPOSITION OF MOTION OF THE UNITED STATES TRUSTEE, PURSUANT TO 11 U.S.C. § 1112(b) AND
FEDERAL RULES OF BANKRUPTCY PROCEDURE 1017(f) AND 9014, TO CONVERT OR DISMISS
CHAPTER 11 CASE

5.   A drastic rise in Debtor's mortgage interest rate, SBA 7(a) mortgage interest rate, increased from 3% to 10.5% in 2024, significantly raising monthly loan obligations from $12,000 to $20,000. Moore Decl. ¶ 4.

6.   When the loan payment was $12,000 a month with 50% of the building leased Debtor was able to make the monthly loan payments. Additionally, tenant occupancy declined in 2024 due to economic downturns, reducing cash flow and impairing Debtor's ability to pay the mortgage. (*Id*)

7.   Current occupancy is at 40%, but Debtor's 6-month budget plan aims to lease vacant units and restore cash flow. For example, Debtor will execute a new agreement with a new tenant for suite 104 this month, which is reflected in the amended 6-month budget plan. Moore Decl. ¶ 6; Exh. A.

8.   Debtor is actively working on finding more tenants for available units and in negotiations with potential tenants, expecting an increase in occupancy withing the 6 months as it is shown in the 6-months budget plan. At one-hundred percent occupancy of the building at current market rate it would approximately generate $33,516.84 per month, which would create a positive cash and allow Debtor to make the current loan and property tax payments. Additionally, a payment plan was negotiated with InnerScope Hearing Technologies, a tenant that owes more than $500,000 in rent arrears, to recover outstanding rents. The payment arrangement on this delinquency will bolster Debtor's cash flow, further supporting the feasibility of reorganization. Moore Decl. ¶¶ 7, 8.

9.   Debtor's goal is to confirm a plan of reorganization that will pay all creditors in full while preserving the value of the Real Property. Maintaining tenancy also allows existing businesses on the Real Property to continue operating without disruption. Moore Decl. ¶ 8.

OPPOSITION OF MOTION OF THE UNITED STATES TRUSTEE, PURSUANT TO 11 U.S.C. § 1112(b) AND
FEDERAL RULES OF BANKRUPTCY PROCEDURE 1017(f) AND 9014, TO CONVERT OR DISMISS
CHAPTER 11 CASE

10. Debtor believed to be in substantial compliance with the United States Trustee's Chapter 11 guidelines and upon receipt of the motion to dismiss addressing certain deficiencies has taken steps to become in compliance. Moore Decl. ¶ 9.

11. The Trustee's motion is based upon the Debtor failing to meet certain compliance requirements regarding insurance. As soon as Debtor became aware of this deficiency, it took proactive steps to obtain non-force placed insurance covering both casualty and liability, despite the unusual challenges posed by the current California insurance market. Debtor promptly provided proof of this improved coverage to the UST on March 13, 2025, with Policy No.: CPV0086147. The insurance carrier is currently in the process of adding the UST to the policy for notices purposes. Moore Decl. ¶ 10, Exh. B.

12. The delay in obtaining the non-force placed insurance resulted from unusual circumstances, which has caused an insurance crises in California resulting from extensive fires. Nevertheless, Debtor showed its good intention and full commitment, communicated continuously with the UST in IDI interview, and 341 meetings about this delay and ultimately secured compliant coverage that protects both the estate and the public. Debtor remains fully committed to comply with all rules of bankruptcy, cooperate with UST, the Court and Creditors to reorganize. Moore Decl. ¶ 11,12.

13. Since Debtor filed only two months ago, dismissing or converting this case at such an early stage would be premature. Debtor has demonstrated meaningful equity in the Real Property, holds minimal unsecured obligations, and has resolved the core issue of adequate insurance. By allowing Debtor additional time to reorganize will enable Debtor to lease the remaining vacancies, collect outstanding rents, and propose a plan paying creditors in full, resulting in a maximization value for creditors compared to forced liquidation. Moore Decl. ¶ 14.

14. Having remedied any past insurance deficiency and maintaining ongoing compliance efforts, Debtor is prepared to proceed with a Chapter 11 plan that offers the best outcome for creditors and the estate.

## III. LEGAL STANDARD

15. UST bears the burden of demonstrating by a preponderance of the evidence that "cause" exists to convert or dismiss this Chapter 11 case. See *In re Sullivan*, 522 B.R. 604, 614 (B.A.P. 9th Cir. 2014). Under 11 U.S.C. § 1112(b)(1), the Court must then evaluate whether dismissal or conversion would be in the best interests of creditors and the estate.

16. Furthermore, even if "cause" is established, 11 U.S.C. § 1112(b)(2) prohibits dismissal or conversion if the Court finds (1) unusual circumstances exist demonstrating such relief is not in the best interests of creditors and the estate, (2) there is a reasonable likelihood that a plan will be confirmed within the timeframes established, and (3) and there exists a reasonable justification for the act or omission; and it will be cured within a reasonable period of time fixed by the court. Here, the UST has not established "cause" to convert or dismiss, and, in any event, the circumstances of this case squarely weigh in favor of denying the Motion.

## IV. LEGAL ARGUMENT

### A. No Cause Exists Under 11 U.S.C. § 1112(b)(4)(C) and (H)

17. Section 1112(b) enumerates various non-exclusive grounds for dismissal or conversion, but courts "should consider other factors as they arise, and use [their] equitable powers to reach the appropriate result." *In re Consolidated Pioneer Mortgage Entities*, 248 B.R. 368, 375 (B.A.P. 9th Cir. 2000) aff'd, 264 F.3d 803 (9th Cir. 2001).

18. The UST's Motion relies on 11 U.S.C. § 1112(b)(4)(C), which defines "cause" to include a debtor's "failure to maintain appropriate insurance" if it "poses a risk to the estate or to the

public." Debtor acknowledges that its initial coverage was force-placed by its lender, did not clearly include landlord liability insurance, and fell below the Real Property's appraised value. However, Debtor has now secured a suitable non-force placed policy that provides both casualty and liability coverage in an amount that aligns with the scheduled $3,500,000 value of the Real Property. Debtor promptly produced proof of this insurance to the UST, thus eliminating any risk or deficiency that might have arisen from force-placed coverage. Moore Decl. ¶ 10; Exh B.

19. Since Debtor has rectified the insurance issue, there is no continuing failure to meet the requirements of § 1112(b)(4)(C). Consequently, the UST's basis for alleging cause under this provision no longer applies.

20. Likewise, 11 U.S.C. § 1112(b)(4)(H) references a debtor's failure to timely provide "information … reasonably requested by the United States trustee." Debtor has substantially complied with all requests. Moore Decl. ¶ 10. Specifically, Debtor provided evidence of adequate non-force placed insurance; filed amended schedules A/B and G on February 28, 2025; appeared at the continued § 341(a) meeting on March 4, 2025, to address any remaining issues; continues working to finalize other amendments and respond to any further UST concerns. Consequently, there is not failure under § 1112(b)(4)(H).

## B. Even if Cause Existed, 11 U.S.C. § 1112(b)(2) Prevents Conversion or Dismissal Because Unusual Circumstances, a Viable Reorganization and Cure Are Present

21. Debtor's real property is valued at approximately $3.5 million versus $2 million in secured debt, leaving significant equity. Debtor filed this case only two months ago and has acted diligently to fix any administrative oversights. Moreover, Debtor's rent collection efforts and pursuit of new tenants present a high likelihood of achieving the occupancy and cash flow needed for a successful plan. Moore Decl. ¶¶ 3-8. Converting or dismissing this early would inhibit the full realization of

equity and undermine the best interests of creditors poised to receive greater payment through a reorganization rather than a forced liquidation or foreclosure.

22. Debtor has prepared a six-month budget showing how, upon re-leasing vacant units, monthly rental income could meet or exceed its debt obligations and operating costs. Additionally, recovering over $500,000 from a tenant in arrears further strengthens Debtor's cash flow. Debtor has a concrete foundation to propose a viable plan of reorganization, signifying a strong likelihood that confirmation can be achieved in a reasonable period. Exh. A.

23. The only alleged acts or omissions, failing to maintain non-force placed insurance and promptly providing certain documents, have been addressed. Now that any deficiency has been cured or will be completed imminently, there is no basis for dismissal or conversion under 11 U.S.C. § 1112(b)(4)(C) or (H).

**C. Conversion or Dismissal Is Contrary to the Best Interests of Creditors and the Estate**

24. Finally, if the court finds cause, it must consider "whether dismissal or conversion is in the best interests of creditors and the estate." *In re Rand*, 2010 WL 6259960, at *10 & n.14 (B.A.P. 9th Cir. Dec. 7, 2010). Here, dismissal or conversion would jeopardize the substantial equity in the Real Property and prematurely terminate Debtor's efforts to restore occupancy, collect outstanding rents, and pay creditors in full. Because Debtor has demonstrated prompt compliance and the capacity to reorganize successfully, liquidation under Chapter 7 or dismissal of the case would diminish recoveries, harm creditors, and needlessly disrupt the businesses occupying the Real Property.

25. This case is still in its early stages, and Debtor has done precisely what the Bankruptcy Code requires: cure identified deficiencies, remain transparent with the UST, and move forward

OPPOSITION OF MOTION OF THE UNITED STATES TRUSTEE, PURSUANT TO 11 U.S.C. § 1112(b) AND
FEDERAL RULES OF BANKRUPTCY PROCEDURE 1017(f) AND 9014, TO CONVERT OR DISMISS
CHAPTER 11 CASE

1   toward a plan that will protect creditors' interests. Permitting Debtor to remain in Chapter 11

2   provides the greatest prospect for maximizing the estate's value.

3                      **V. CONCLUSION**

4      For the reasons set forth above, Moore Holdings, LLC respectfully requests that this Court

5   deny the Motion in its entirety.

6

7   Respectfully submitted March 13, 2025.

8                                          */s/ Stephan M. Brown*

9                                          Stephan M. Brown
                            Proposed Attorney for Moore Holdings, LLC

10                                      the Debtor in Possession

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

OPPOSITION OF MOTION OF THE UNITED STATES TRUSTEE, PURSUANT TO 11 U.S.C. § 1112(b) AND
FEDERAL RULES OF BANKRUPTCY PROCEDURE 1017(f) AND 9014, TO CONVERT OR DISMISS
CHAPTER 11 CASE