Stephan M. Brown (SBN: 300563)
Muhammed Y. Altun (SBN: 355410)
The Bankruptcy Group, P.C.
2408 Professional Drive
Roseville, CA 95661
800-920-5351
916-242-8588 (fax)
ECF@thebklawoffice.com

Proposed Attorneys for Debtor in Possession
Moore Holdings, LLC

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
SACRAMENTO DIVISION

| | |
|---|---|
| In re: | Chapter 11 Case No. 25-20053 |
| MOORE HOLDINGS, LLC, | DCN: UST-1 |
| Debtor in Possession. | **DECLARATION OF MARK MOORE IN SUPPORT OF OPPOSITION OF MOTION OF THE UNITED STATES TRUSTEE, PURSUANT TO 11 U.S.C. § 1112(b) AND FEDERAL RULES OF BANKRUPTCY PROCEDURE 1017(f) AND 9014, TO CONVERT OR DISMISS CHAPTER 11 CASE** |
| | Date: March 27, 2025
Time: 10:30 AM
Dept: E, Courtroom 33, 6th Floor |
| | Hon. Judge Ronald H. Sargis |

**DECLARATION OF MARK MOORE IN SUPPORT OF OPPOSITION OF MOTION OF THE UNITED STATES TRUSTEE, PURSUANT TO 11 U.S.C. § 1112(b) AND FEDERAL RULES OF BANKRUPTCY PROCEDURE 1017(f) AND 9014, TO CONVERT OR DISMISS CHAPTER 11 CASE**

I, Mark Moore, declare as follows:

1. I am over eighteen years of age, and am the 26% partner of Moore Holdings, LLC., the debtor in possession ("Debtor") for this Chapter 11 bankruptcy case.

1

2. Based on my role as a partner for Debtor, I have personal knowledge of each of the facts set forth in this declaration and, if called to testify as a witness, I could and would competently do so.

3. On January 7, 2025 ("Petition Date"), I caused a voluntary petition for relief under Chapter 11 of the Bankruptcy Code to be filed on behalf of the Debtor. The primary reason for this filing was to reorganize and protect the primary asset, a commercial building located at 2151 Professional Drive, Roseville, California (the "Real Property"), from imminent foreclosure, while also stabilizing rental operations, and restructuring debts. Dkt. 1.

4. Debtor is engaged in renting out commercial units within the Real Property to generate income. An appraisal indicates that the Real Property is valued at approximately $3,500,000, while the secured claims against it total about $2,026,622.45. Dkt. 1

5. In 2024, the SBA 7(a) mortgage interest rate on Debtor's loan rose from 3% to 10.5%, increasing our monthly obligations from $12,000 to $20,000. Debtor were able to meet the $12,000 monthly payments when occupancy was at least 50%. However, an economic downturn caused tenant departures in 2024, dropping occupancy to around 40% and constraining Debtor's cash flow. Debtor's six-month budget plan aims to lease vacant units and restore the necessary income to fulfill mortgage obligations. **Exh. A**.

6. Presently, the Real Property is at roughly 40% occupancy. Debtor's six-month budget plan is designed to lease vacant suites, restore cash flow, and ultimately meet all obligations. For instance, Debtor is finalizing a new lease agreement for suite 104, projected to generate an additional $2,199.65 per month starting this month and remedy any alleged "improper usage" under 11 U.S.C. § 1112(b)(4)(D).

7. Debtor has negotiated a payment arrangement with InnerScope Hearing Technologies, a tenant that owes over $500,000 in rent arrears. Collecting on this delinquency will bolster Debtor's cash flow, enhance the feasibility of our reorganization, and address any concerns of harm to one or more creditors under 11 U.S.C. § 1112(b)(4)(D). This arrangement reflected into the Debtor's amended six-month budget plan. **Exh. A.**

Case 25-20053  Doc 50

8. Debtor's ultimate objective is to confirm a plan of reorganization that repays all creditors in full while preserving the Real Property's value. Sustaining high occupancy enables existing businesses to continue operating uninterrupted, and Debtor's six-month plan anticipates immediate tax and HMA payments while initiating payments to Creditor by August in the amount of $19,290.96.

9. To my knowledge, Debtor has substantially complied with the United States Trustee's Chapter 11 guidelines. Upon receiving notice of any deficiencies, Debtor promptly addressed and rectified them, demonstrating full commitment to meeting Chapter 11 requirements.

10. When Debtor discovered that the force-placed policy lacked adequate liability coverage and did not fully insure the Real Property's value, I diligently searched for a suitable policy despite the current insurance crisis in California. As soon as I secured comprehensive, non-force placed coverage, through counsel, Debtor notified the UST. This policy now adequately protects both the property and liability interests of Debtor. **Exh. B.**

11. On March 4, 2025, Debtor filed a Motion for Authority to Use Cash Collateral. Dkt. 35. Debtor plans to amend this motion, along with the six-month budget, to reflect new arrangements with InnerScope, rental income from suite 104, and additional adequate protections for creditors.

12. The delay in this case resulted from extraordinary conditions in California's insurance market, amplified by extensive fires. Throughout this period, Debtor remained transparent, communicating with the UST at the IDI interview and the § 341(a) meeting, ultimately securing compliant coverage that safeguards both the estate and the public interest.

13. Continuing Debtor's operations requires immediate handling of financial and management tasks, tenant oversight, building repairs and maintenance, janitorial and landscaping needs and other administrative duties. Because Debtor has no formal employees, its members (there are just three members) perform these vital functions. Accordingly, health insurance costs and limited reimbursements are typical and necessary business expenses rather than

3

DECLARATION OF MARK MOORE IN SUPPORT OF OPPOSITION

1  mismanagement or enrichment. As it is seen in the 6-month budget plan, there will be no partner distribution during the plan.

14.  Any alleged spending was undertaken in good faith to fulfill essential business needs, never to harm creditors. Since acquiring adequate insurance and improving cash flow, Debtor remains firmly focused on preserving the estate's value and ensuring that all creditors receive adequate protection.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 13th day of March 2025, at Roseville, California.

/s/ Mark Moore
Mark Moore
Managing Member for Moore Holdings, LLC
the Debtor in Possession